RACHAEL A. HONIG
Acting United States Attorney
BEN KURUVILLA
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Telephone (973) 297-2085

## UNITED STATES DISRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHERINE BOYD AND BARBARA BOYD,<br><br>Plaintiffs,<br><br>v.<br><br>KNOCKOUT CONSTRUCTION, A NEW JERSEY BUSINESS ENTITY, WAYNE JOHNSON, INDIVIDUALLY, JOHN DOES 1-5, FICTITIOUS INDIVIDUALS, PROSPECT MORTGAGE COMPANY, A NEW JERSEY BUSINESS ENTITY, ABC CORP., DEF CORP., GHI CORP., JKL CORP., ALL FICTITIOUS ENTITIES, AND JOHN DOES 1-15, AND THE DEPARTMENT OF HOUSING & URBAN DEVELEOPMENT, LAKVIEW LOAN SERICING LLC AND THEIR SUBSIDIARY LOAN CARE, LLC, ET AL.,<br><br>Defendants, | Honorable<br><br>Civil Action No.<br><br>**NOTICE OF REMOVAL** |

1

| | |
|---|---|
| To: | Clerk<br>Superior Court of New Jersey<br>Hudson County<br>Law Division<br>595 Newark Avenue<br>Jersey City, New Jersey 07306 | Sean Deverin, Esq.<br>160 White Road, Ste. 204<br>Little Silver, New Jersey 07739<br>*Attorneys for Plaintiffs* |

Sean Deverin, Esq.
160 White Road, Ste. 204
Little Silver, New Jersey 07739
*Attorneys for Plaintiffs*

Stephen McQuade, Esq.
Pitta, LLP
120 Broad Street, 28th Floor
New York, NY 10271
*Attorneys for Defendant Knockout Construction, LLC*

Brian Yoder, Esq.
Brock and Stock, PLLC
302 Fellowship Road, Suite 130
Mt. Laurel, NJ 08054
*Attorneys for Loan Care LLC and Lakeview Loan Servicing*

PLEASE TAKE NOTICE that the case of *Catherine Boyd, et al. v. Knockout Construction, LLC, et al.*, previously pending in the Superior Court of New Jersey, Hudson County, Docket Number HUD-L-4121-20 is hereby removed to the United States District Court for the District of New Jersey pursuant to the provisions of 28 U.S.C. § 1442(a)(1). The Department of Housing and Urban Development ("HUD"), through its attorney, Rachael A. Honig, Acting United States Attorney for the District of New Jersey (Ben Kuruvilla, Assistant United States Attorney, appearing), states as follows upon information and belief:

1. HUD has been named as a defendant in this action now pending in the Superior Court of New Jersey, Hudson County, Docket No. HUD-L-4121-20.

2. Plaintiffs Catherine and Barbara Boyd filed the Complaint in this action on or about November 11, 2020 ("Complaint"). (A copy of the Complaint is attached hereto as **Exhibit A**).

4. According to the Complaint, *inter alia*, Plaintiffs entered into a written contract with Defendants Knockout Construction, LLC and Wayne Johnsen related to the partial demolition and renovation of their existing home. Plaintiffs allege that these Defendants breached their obligations under the parties' contract, violated warranties, and made fraudulent and negligent misrepresentations causing Plaintiffs damages. Although there are no specific factual allegations made against the Department of Housing and Urban Development ("HUD"), the Plaintiffs reference HUD's rules and include HUD as a defendant on a breach of contract claim. *See* Complaint, Fifth Count.

5. Pursuant to 28 U.S.C. §1442(a)(1), a civil action commenced in state court may be removed to the federal district court if the suit involves a claim against

> [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Removal by the federal government under this statute does not require the consent of any other party. *See Kordus v. Biomark Intern, LLC*, 224 F.R.D. 590, 592-93 (D. Del. 2004) (*citing Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998)).

3

6. This action may be properly removed pursuant to 28 U.S.C. § 1442(a)(1), because it involves a civil action against HUD, an agency of the United States. *See* 28 U.S.C. § 1442(a)(1)

7. Upon information and belief, the HUD Office of General Counsel in New York City received a copy of the summons and complaint in April 2021. However, Plaintiffs have never properly served HUD with a copy of the summons and complaint pursuant to Federal Rule of Civil Procedure Rule 4(i) which governs service of the complaint on a federal officer or agency.

8. Specifically, Rule 4(i) directs that, to serve a United States agency, a party must, in addition to serving the agency in the manner set forth in Federal Rule of Civil Procedure 4, also serve the United States. In order to serve the United States, a party must: (1) deliver or send by registered or certified mail a copy of the summons and complaint to the United States Attorney for the district where the action is brought and (2) send a copy of each by registered or certified mail to the Attorney General of the United States in Washington D.C. *See* Fed. R. Civ. P. 4(i).

9. Because Plaintiffs never served the United States Attorney's Office or the Attorney General in the manner set forth in Rule 4, HUD has not been properly served. Accordingly, removal pursuant to 28 U.S.C. § 1442(a)(1) is still timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of

4

the complaint unattended by any formal service."); *Calhoun v. Murray*, 507 F. App'x. 251, 259-60 (3d Cir. 2012) (declining to remand civil action against assistant U.S. attorneys and the U.S. Marshals Service after determining 28 U.S.C. § 1446(b)'s 30-day time period had not yet commenced, because neither the Attorney General nor the local U.S. Attorney was properly served under FRCP 4); *see also Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1133 (9th Cir. 2011) ("[A]ctual notice of the action is insufficient; rather, the defendant must be notified of the action, and brought under a court's authority, by formal process, before the removal period begins to run.") (citation and internal quotation marks omitted).

10. HUD has filed no response to the Complaint in the state court.

11. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Hudson County, Law Division.

**THEREFORE**, in accordance with 28 U.S.C. §1442(a)(1), the above-captioned action filed in the Superior Court of New Jersey, Hudson County, is now removed to this Court.

Dated: Newark, New Jersey
August 19, 2021

        RACHAEL A. HONIG
        Acting United States Attorney

By: *s/Ben Kuruvilla*
     Ben Kuruvilla
     Assistant United States Attorney