Received by mail
4/15/21  10:05 A.

# SUMMONS

Attorney(s) SEAN G. DEVERIN, ESQ.
Office Address 160 WHITE ROAD - SUITE 204
Town, State, Zip Code LITTLE SILVER, N.J. 07739

Telephone Number (732) 219-1919
Attorney(s) for Plaintiff

Catherine Boyd and Barbara Boyd

Plaintiff(s)

Vs.

Knockout Construction, LLC, Prospect Mortgage Company
Dept. of Housing & Urban Develop., & Lakeview Loan Ser
Defendant(s)

**Superior Court of New Jersey**

HUDSON COUNTY
Law DIVISION
Docket No: HUD-L- 4/21-20

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: 4-6-21

Name of Defendant to Be Served: U.S. Dept. of Housing & Urban Devlop.
Address of Defendant to Be Served: 820 First Street, Ste 300, Washigton D.C. 20002-4205

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Revised 09/01/2010, CN 10792-English (Appendix XII-A)
Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN: 10153-English

Page 2 of 4

| County | Address | Lawyer Referral / Legal Services |
|---|---|---|
| **GLOUCESTER COUNTY:** | Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Attn: Intake<br>First Fl., Court House<br>1 North Broad Street<br>Woodbury, NJ 08096 | LAWYER REFERRAL<br>(856) 848-4589<br>LEGAL SERVICES<br>(856) 848-5360 |
| **HUDSON COUNTY:** | Deputy Clerk of the Superior Court<br>Superior Court, Civil Records Dept.<br>Brennan Court House--1st Floor<br>583 Newark Ave.<br>Jersey City, NJ 07306 | LAWYER REFERRAL<br>(201) 798-2727<br>LEGAL SERVICES<br>(201) 792-6363 |
| **HUNTERDON COUNTY:** | Deputy Clerk of the Superior Court<br>Civil Division<br>65 Park Avenue<br>Flemington, NJ 08822 | LAWYER REFERRAL<br>(908) 735-2611<br>LEGAL SERVICES<br>(908) 782-7979 |
| **MERCER COUNTY:** | Deputy Clerk of the Superior Court<br>Local Filing Office, Courthouse<br>175 S. Broad Street, P.O. Box 8068<br>Trenton, NJ 08650 | LAWYER REFERRAL<br>(609) 585-6200<br>LEGAL SERVICES<br>(609) 695-6249 |
| **MIDDLESEX COUNTY:** | Deputy Clerk of the Superior Court,<br>Middlesex Vicinage<br>2nd Floor - Tower<br>56 Paterson Street, P.O. Box 2633<br>New Brunswick, NJ 08903-2633 | LAWYER REFERRAL<br>(732) 828-0053<br>LEGAL SERVICES<br>(732) 249-7600 |
| **MONMOUTH COUNTY:** | Deputy Clerk of the Superior Court<br>Court House<br>P.O. Box 1269<br>Freehold, NJ 07728-1269 | LAWYER REFERRAL<br>(732) 431-5544<br>LEGAL SERVICES<br>(732) 866-0020 |
| **MORRIS COUNTY:** | Morris County Courthouse<br>Civil Division<br>Washington and Court Streets<br>P. O. Box 910<br>Morristown, NJ 07963-0910 | LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 285-6911 |
| **OCEAN COUNTY:** | Deputy Clerk of the Superior Court<br>118 Washington Street, Room 121<br>P.O. Box 2191<br>Toms River, NJ 08754-2191 | LAWYER REFERRAL<br>(732) 240-3666<br>LEGAL SERVICES<br>(732) 341-2727 |

Revised 09/01/2010, CN 10792-English (Appendix XII-A)
Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN: 10153-English

Page 3 of 4

Received by Process
4/15/21  10:05A

Sean G. Deverin, Esq. ID#033161985
160 White Road / Suite 204
Little Silver, New Jersey 07739
(732) 219-1919
Attorney for Plaintiffs,

------------------------------------------------x

**Catherine Boyd**, individually, and
**Barbara Boyd**, individually

         Plaintiffs,
v.

**Knockout Construction, LLC** a
New Jersey business entity, **Wayne Johnsen**, individually, **John Does 1-5**, Fictitious individuals, **Prospect Mortgage Company**, a New Jersey Business entity **ABC Corp., DEF Corp., GHI Corp., JKL Corp.**, all fictitious entities, and **John Does 1-15**, and **The Department of Housing & Urban Development, Lakeview Loan Servicing LLC** and their subsidiary **Loan Care, LLC**,

         Defendants.

------------------------------------------------x

Superior Court of New Jersey
Hudson County
Law Division

Docket No. HUD-L- 4121-20

Civil Action

**COMPLAINT, JURY DEMAND, and DESIGNATION OF TRIAL COUNSEL**

Plaintiff, Catherine Boyd and Barbara Boyd, by way of Complaint allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Catherine Boyd, is an owner of a property located at 68 West 34th Street, Bayonne, Hudson County, New Jersey (hereinafter "The Property"), co-signer on the mortgage on the Property, and is the sister of Co-Plaintiff, Barbara Boyd.
2. Plaintiff, Barbara Boyd, is also an owner of the Property, and the co-signer on the mortgage in place on the subject property.
3. Defendant, Knockout Construction is a business entity authorized to do business in the State of New Jersey, and is involved in the construction business, with its principal place of business located at 777 5th Street Lyndhurst, New Jersey.
4. Defendant, Wayne Johnsen, is the owner and operator of Defendant, Knockout Construction, and resides at 652 Rifle Camp Road, Woodland Park, New Jersey 07424.
5. Prospect Mortgage Company, was the mortgage broker and/or initial lender on a construction loan dated December 17, 2014, which was provided to Plaintiffs in connection with the construction of the house at the subject Property, through Knockout Construction and Wayne Johnsen.

6. Plaintiff entered into a contract with Defendants, Knockout Construction, LLC and Wayne Johnsen, for the partial demolition of the existing home and renovations of the subject Property on or about December 4, 2014.

## FIRST COUNT
### (Breach of Contract)

7. Plaintiff repeats and reallege each and every claim set forth in the General Allegations, above, as if fully set forth at length herein.

8. Plaintiff and Defendants, Knockout Construction and Wayne Johnsen entered not a written contract in December 2014.

9. Defendants, Knockout Construction and Wayne Johnsen received the benefit of their bargain under the Agreement and have been paid in full for the work performed as detailed under the Agreement.

10. Defendants Knockout Construction and Wayne Johnsen materially breached the Agreement when the work performed was not completed in a professional manner, and the failed to comply with the architectural plans, as well as local and state building code requirements.

11. Repeated attempts by Plaintiffs to have these Defendants, Knockout Construction and Wayne Johnsen correct the material defects in construction were unsuccessful.

12. Defendants, Knockout Construction and Wayne Johnsen, also failed to utilized the quality and type of materials contracted for in the construction project.

13. Defendants Knockout Construction and Wayne Johnsen failed to perform their obligations under the Agreement.

14. The acts and/or omissions by these Defendants constitute a breach of contract, for which these Defendants are liable.

15. Plaintiffs have been made to suffer and will continue to suffer financial loss and damage as a result of the breach of contract by these Defendants.

**WHEREFORE**, Plaintiffs, Catherine Boyd and Barbara Boyd, demand judgment against Defendants, Knockout Construction, LLC and Wayne Johnsen, individually, jointly and severally, for all compensatory damages, plus interest, attorneys fee, and costs of suit and other such relief the court may deem just and proper.

## SECOND COUNT
*(Breach of Warranty & Implied Warranty of Habitability)*

16. Plaintiff repeats and realleges each and every claim set forth in General Allegations and the First Count, above, as if fully set forth at length herein.

17. Defendants Knockout Construction and Wayne Johnsen breached all warranties and/or implied warranties to perform the construction in a workmanlike manner commensurate with usual and customary standards within the construction industry.

18. The Agreement states that "It is represented that the services [performed by defendants Knockout Construction and Wayne Johnsen] for clients will be performed using the degree of care and skill ordinarily exercised by, and consistent with the standards applicable to, persons performing similar services under similar conditions in the same locality as the site(s)", which these Defendants failed to do.

19. Defendants Knockout Construction and Wayne Johnsen failed and/or refused perform their obligations under the contract or to remedy the material defects in their own construction, and such is evidence of a failure to exercise a reasonable degree of care and skill, as required.

20. Defendants Knockout Construction and Wayne Johnsen failure to perform their contractual obligations or failure to remedy the material defects in their

construction work, that have caused the property to be unusable for its intended purposes.

21. Defendants Knockout Construction and Wayne Johnsen have breached the implied warranty by failing to perform up to usual and customary standards in the industry, and by not taking steps to fix, repair and/or remediate their failures in construction.

22. The acts and/or omissions by these Defendants constitute a breach implied warranty and breach of implied warranty of habitability. Defendants Knockout Construction and Wayne Johnsen have breached the implied warried of habitability by refusing to remedy the root issues and material defects in their construction, which has enjoined plaintiff's safe use of her deck.

**WHEREFORE**, Plaintiffs, Catherine Boyd and Barbara Boyd, demand judgment against Defendants, Knockout Construction, LLC and Wayne Johnsen, individually, jointly and severally, for all compensatory damages, plus interest, attorneys fee, and costs of suit and other such relief the court may deem just and proper.

### THIRD COUNT
### (Violations of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1, et seq.)

23. Plaintiffs, repeat and reallege each and every claim set forth in the General Allegations, and the First Count and Second Count, above, as if fully set forth at length herein.

24. Defendants failed and/or refused to properly provide for adequate contractual protections, and made misrepresentations regarding these Defendants' intentions to perform and as to their abilities to properly perform the necessary construction work, and/or repair and/or renovations required, said failures and misrepresentations, and resulting and continuing physical damage to Plaintiff's home.

25. Said acts and/or omissions, as well as, numerous intentional and purposeful misrepresentations, by these Defendants are material, significant and substantial aggravating factors, constituting consumer fraud and violations of the New Jersey Consumer Fraud Act, N.J.S.A 56:8-1, et seq. resulting in and causing significant financial loss and damage to Plaintiff's home, and financial loss to Plaintiffs, for which these Defendants are liable.

**WHEREFORE**, Plaintiffs, Catherine Boyd and Barbara Boyd, demand judgment against Defendants, Knockout Construction, LLC and Wayne Johnsen, individually, jointly and severally, for all compensatory damages, plus interest, attorneys fee, and costs of suit and other such relief the court may deem just and proper.

## FOURTH COUNT
*(Fraud Claims)*

26. Plaintiff repeats and realleges each and every claim set forth in General Allegations, First Count, Second Count and Third Count, above, as if fully set forth at length herein.

27. Defendants, Knockout Construction, LLC and Wayne Johnsen, made numerous intentionally false and misleading statements and misrepresentations, and engaged in acts and/or omissions with regard to the constructions and renovations. Specifically, these defendants mispresented the completeness and quality of the work, so as to obtain construction payments from the Plaintiff's mortgage company.

28. Additionally, these Defendants failed to comply with the architectural drawings and plans for the project, failed to comply with state and local code requirements for the construction, and used substandard materials and other materials of lesser quality to defraud Plaintiffs.

29. The acts and/or omissions by these Defendants, constitutes fraud, resulting in financial loss and damage to Plaintiffs, for which these Defendants are individually, jointly and severally liable.

**WHEREFORE**, Plaintiffs, Catherine Boyd and Barbara Boyd, demand judgment against Defendants, Knockout Construction, LLC and Wayne Johnsen, individually, jointly and severally, for all compensatory and punitive damages, plus interest, attorneys fee, and costs of suit, and other such relief the court may deem just and proper.

## FIFTH COUNT
### (Breach of Contract)

30. Plaintiffs repeat and reallege each and every claim set forth in General Allegations, and the First Count through Fourth Count, above, as if fully set forth at length herein.

31. Plaintiffs, Catherine Boyd and Barbara Boyd, entered into a construction Mortgage agreement with Prospect Mortgage Company ("Prospect"), a mortgage broker and/or lender associated or affiliated with Defendants, Knockout Construction, LLC and Wayne Johnsen.

32. The mortgage agreement, as well as Department of Housing and Urban Development (HUD) federal rules, regulations and laws required Defendant, Prospect, to make progress payments on the construction loans only after and upon completion of progress inspections of the property to verify the completeness of the various stages of the construction project.

33. Defendant, Prospect, continuously made progress payments on the loan despite the construction being incomplete and substandard, before the progress payments were earned by, or owed to Defendants, Knockout Construction, LLC and Wayne Johnsen.

34. Said acts and/or omissions by Defendant, Prospect, constitute a breach of their contractual obligations under the mortgage agreement, resulting in financial loss and damage to Plaintiffs, for which this Defendant is liable.

**WHEREFORE**, Plaintiffs, Catherine Boyd and Barbara Boyd, demand judgment against Defendant, Prospect Mortgage, its successors and/or assigns, and Defendant, Department of Housing and Urban Development, for all compensatory, plus interest, attorneys fee, and costs of suit, and other such relief the court may deem just and proper.

## SIXTH COUNT

35. Plaintiffs repeat and reallege each and every claim set forth in General Allegations, and the First Count through Fifth Count, above, as if fully set forth at length herein.

36. Defendants, Lakeview Loan Servicing, LLC and Loan Care, LLC are the current mortgage holder on the Property, and as such they are named herein so as to be bound by all court decisions in this matter.

37. Plaintiffs are seeking, as part of their remedies in this matter, to have the mortgage agreement, mortgage and promissory note declared null and void, *ab initio*, or thereafter, and to have the current mortgage holder and servicing agents to be bound by said determination of this court, as successors to the current mortgage.

## SEVENTH COUNT
### (Fictitious Individuals & Entities)

38. Plaintiffs repeat and reallege each and every claim set forth in General Allegations, and the First Count through Fifth Count, above, as if fully set forth at length herein.

39. Defendants utilized numerous and various sub-contractors and/or suppliers,

whose identities are not presently known to Plaintiff, but whose acts and/or omission may have resulted in the damage and loss suffered by Plaintiff in this matter, resulting from substandard construction practices, and/or fraud, and whose identities presently unknown to Plaintiffs, but may or likely will be revealed through continuing discovery in this matter.

**WHEREFORE**, Plaintiffs, Catherine Boyd and Barbara Boyd, demand judgment against these Fictitious Individuals 1-15 or Fictitious Entities ABC Corp., DEF Corp. GHI Corp. and JKL Corp. as Defendants, individually, jointly and severally, for all compensatory and punitive damages, plus interest, attorneys fee, and costs of suit, and other such relief the court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Sean G. Deverin, Esq. is hereby designated a trial counsel in this action.

Dated: November 11, 2020

_____
Sean G. Deverin, Esq.
Attorney for Plaintiffs
Catherine Boyd and Barbara Boyd

## CERTIFICATION

I hereby certify the within matter is not the subject of litigation or arbitration in this or any other jurisdiction to the best of my knowledge. I understand that if this statement is willfully false I am subject to punishment.

Dated: November 11, 2020

_____
Sean G. Deverin, Esq.
Attorney for Plaintiffs
Catherine Boyd and Barbara Boyd